Samuels, J.
delivered the opinion of the court.
The plaintiif in error, as security, was bound, jointly and severally, with his principal in a recognizance taken before the County court of Wood county, with condition that the principal should pay the sum of twenty dollars annually for seven years to the overseers of the poor of Wood county, for the support of a bastard child, of which the principal was adjudged to be the father. Five of these installments having fallen due, and being in arrear, the overseers, under the statute 2 Rev. Code, p. 273, § 31, gave notice to Willard alone of a motion *140 to be made in the County court of Wood county for installments thus in arrear, with interest. After delay the cause was tried before the County court, which overruled the motion, and gave Willard a judgment for his costs,
A bill of exceptions was taken by the overseers of yie p00r £0 (jecision 0f the court: it sets forth the facts on which the County court acted. The facts, on the part of the plaintiff below, consisted of the notice above stated, and its service; the record of the County court, in the case in which the principal was adjudged to be the father of the bastard child, and the recognizance ; the fact that the parties making the motion were the overseers of the poor of Wood county, and that the motion was made by their authority. After stating the facts, shewn on behalf of the plaintiffs below, the bill of exceptions states: “ This being all the evidence offered by the plaintiff, the defendant then offered J. T., who proved that A. S. asked the witness to use his name, which was sanctioned, he' recognizing said S. as acting attorney for the overseers of poor; does not know that any money has ever been paid by the overseers of the poor.”
The cause was carried by writ of supersedeas to the Circuit Superior court of law and chancery for Wood county, which reversed the judgment of the County court, and remanded the cause for a new trial. The cause is brought here by a writ of supersedeas to this judgment of the Circuit court.
It is objected by the plaintiff in error that the bill of exceptions is defective, in omitting to state that the facts therein set forth, as proven by Willard, were all the facts proven by him, and that, therefore, this court cannot determine whether the judgment of the County court was right upon the facts before it. This court has frequently decided that a bill of exceptions to the decision of a court, rendering a judgment, should set forth the facts appearing on the trial: this is necessary *141 to enable an appellate tribunal to determine whether the court below decided the law correctly on the facts of the case. Bennet v. Hardaway, 6 Munf. 125 ; Carrington v. Bennett, 1 Leigh 340; Ewing v. Ewing, 2 Leigh 337. The bill of exceptions in this case, after stating the facts proven on the part of the plaintiffs, says the defendant then offered J. T., who proved the facts set forth in the bill of exceptions, from which it must be inferred that he proved nothing else. Holding, therefore, that this court has all the facts before it, it seems that the county court erred in overruling the motion; although the overseers may never have paid anything for the support of the child, yet the child was chargeable to the county, and the plaintiff in error was bound to pay the amount secured by the recognizance in relief of the county.
I am therefore of opinion there is no error in so much of the judgment of the Circuit Superior court of law and chancery for Wood county as reverses the judgment of the Cohnty court with costs. But I am further of opinion that there is error in so much thereof as remands the cause to the County court for a new trial. The court should have proceeded to render a judgment for one hundred dollars, the amount in arrear under the recognizance, with the costs expended in the County court: no interest should be allowed, for the reasons given by Judge Carr, in Jacobs v. Hill, 2 Leigh 393, 400.
The judgment of the Circuit court should be affirmed, so far as it reverses that of the County court with costs; but so far as it remands the cause to the County court for a new trial, it should be reversed; and this court, proceeding to give such judgment as the court below should have given, should render judgment in favor of defendants in error for 100 dollars, and the costs of the County court; and also the costs in this court, as being the parties substantially prevailing.